**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

IN RE:                                          )
                                                )
**JEREMY GRAY and KIMBERLY GRAY,**              )        No. 09-31862
                                                )
                          **Debtors.**          )

## O P I N I O N

The *pro se* Debtors filed their Chapter 7 case in Bankruptcy along with an application for waiver of the filing fee. The Chapter 7 Trustee objected. A hearing was held on the application and the matter was taken under advisement.

The starting point is 28 U.S.C. § 1930, which provides in part as follows:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. . . .

28 U.S.C. § 1930(f)(1).

The Judicial Conference of the United States promulgated interim procedures which track the statute, providing in part as follows:

II. Judicial Determination of Filing Fee Waiver Applications

    A. Standard of Eligibility

> 1. The district court or the bankruptcy court may waive the chapter 7 filing fee for an individual debtor who: (a) has income less than 150 percent of the poverty guidelines last published by the United States Department of Health and Human Services (DHHS) applicable to a family of the size involved; and (b) is unable to pay that fee in installments.

Both the statute and the interim procedures adopt a two-prong test. The filing fee can be waived if the Debtors' income is less than 150% of the income official poverty line and if the

Debtors are unable to pay in installments.

Turning to the first prong of the test, the Debtors' household consists of four persons. The published DHHS poverty line for a family of four is $22,050 and 150% of that figure would be $33,075. The Debtors' Schedule I shows average monthly income of $2,417 or $29,004 per year. That latter figure is less than 150% of the poverty line.

However, a close examination of Schedule I shows that in reaching their average monthly income the Debtors deducted $489 per month for "Garnishments." They also show on their Schedule J an expense of $489 to pay the garnishments. The correct schedule to show the garnishment payouts is Schedule J, which shows expenses, not Schedule I, which shows income.[1] Adding the $489 to the $2,417 results in an average monthly income on Schedule I of $2,906 or a yearly income of $34,872. This latter figure exceeds 150% of the poverty line. Therefore, the Debtors do not qualify for the filing fee waiver.

There is one other factor the Court needs to consider. At the hearing, the Debtors informed the Court that one week after they filed the Chapter 7 case, the Debtor, Jeremy Gray, lost his job and that the Debtor, Kimberly Gray had current income of approximately $320 per week. This additional factor does not justify a waiver of the filing fee as that determination is made as of the date of the filing and on that date the Debtors had sufficient funds to pay the filing fee.

But this additional factor does permit this Court to give the Debtors some relief. Notwithstanding the statute and the interim procedures governing the waiver of the filing fee, this Court has the authority to permit the payment of the full filing fee in installments. Considering that the Debtor, Jeremy Gray, has lost his job and that their gross income is reduced by $1,100 per

---

[1] It is also noted that the manner in which the Debtors have treated the garnishments give them a double deduction.

month, there is justification for authorizing the payment of the full filing fee in four equal installments.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. See Order.


ENTERED: September 2, 2009

                                                 /s/ William V. Altenberger
                                         UNITED STATES BANKRUPTCY JUDGE